UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                          )<br>           Plaintiff,                           )<br>                                                          )<br>     v.                                               )<br>                                                          )<br> MODESTO TALLOW COMPANY, )<br> d.b.a. CALIFORNIA SPRAY DRY, )<br>                                                          )<br>                                                          )<br>           Defendant.                       )<br>                                                          ) | NO. _____<br><br><br>PLEA AGREEMENT |

1. The United States of America, by and through the United States Attorney for the District of Oregon and the Department of Justice, Environment and Natural Resources Division, Environmental Crimes Section, and the defendant, MODESTO TALLOW COMPANY, d.b.a. CALIFORNIA SPRAY DRY, (the "defendant"), through its authorized representative, enter into the following Agreement, pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

2. The Charges and Penalties. The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and plead guilty to the charges set forth in Count 1 of an Information to be filed in this district. Count 1 of the Information alleges that the defendant knowingly violated a condition or limitation of a permit issued under the Clean Water Act, Title 33 U.S.C. § 1342 (33 U.S.C. §§ 1311 (a), 1319(c) (2)(A), and 18 U.S.C. § 2).

3. Probationary Term and Fine. The count carries a term of probation of at least one year and not more than five years, and a maximum fine of $100,000 per day of violation, $500,000, or twice the gross gain or loss resulting from the unlawful conduct, and a special assessment of $400.

4. <u>Elements of the Offense</u>. Defendant, through its authorized representative, acknowledges that it is aware of the nature and elements of the offense to which it is entering its guilty plea. Specifically, if this case were to proceed to trial, the government would have the burden of proving beyond a reasonable doubt the elements of the offense as listed below.

The elements of the offense of discharge of a pollutant from a point source in violation of a NPDES permit issued under the CWA, 33 U.S.C. §§ 1342, 1311 (a), 1319 (c)(2)(A), are as follows: (1) the defendant, by and through its actions or its agents and/or employees, discharged from a point source; (2) a pollutant; (3) into a navigable water of the United States; (4) the defendant failed to meet a condition or limitation of a NPDES permit authorizing the corporation to discharge the pollutant; (5) the defendant acted knowingly.

5. <u>Rights Waived by Pleading Guilty</u>. Defendant knowingly and voluntarily waives the following rights through its guilty plea:

(A)   The right to plead not guilty, and to persist in a plea of not guilty;

(B)   The right to a speedy and public trial before a jury;

(C)   The right to the effective assistance of counsel at trial;

(D)   The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

(E)   The right to confront and cross-examine witnesses at trial;

(F)   The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

(G)   The right to testify or to remain silent at trial, at which trial such silence could not be used against defendant; and

(H)   The right to appeal a finding of guilt or any pretrial rulings.

6. <u>Applicability of Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court is required to take account of the United States Sentencing Guidelines, together with the other sentencing goals set forth in 18 U.S.C. § 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, may be considered by the Court, except that pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the United States Sentencing Guidelines are not applicable for purposes of determining a fine. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571.

7. <u>Guidelines Estimate</u>:

(A): *Count 1:* Based on information known to the USAO at this time, the USAO estimates the likely adjusted offense level for Count 1 will be level 14, which is predicated on the following Guidelines calculation:

| | |
|---|---:|
| Base Offense Level, pursuant to U.S.S.G. § 2Q1.3(a): | 6 |
| Repetitive discharge, pursuant to U.S.S.G. § 2Q1.3(b)(1)(A): | + 6 |
| Discharge without a permit, pursuant to U.S.S.G. § 2Q1.3(b)(4): | + 4 |
| Acceptance of responsibility, U.S.S.G. § 3E1.1(a): | - 2 |
| | 14 |

8. <u>Stipulation.</u> Defendant stipulates and agrees to the Guidelines estimate set forth in Paragraph 7.

9. <u>Sentencing Recommendation Agreement</u>. The government and defendant agree to recommend a total monetary penalty consisting of seventy-five thousand dollars ($75,000) in addition to the mandatory special assessment. The parties agree to recommend that the sentence should be imposed as follows:

(A) <u>Fine</u>. Defendant shall pay a total criminal fine in the amount of 65% of seventy-five thousand dollars ($75,000) or forty-eight thousand seven hundred and fifty dollars ($48,750).

(B) <u>Mandatory Special Assessment</u>. Defendant shall pay a special assessment for one count of conviction for a total amount of four hundred dollars ($400).

(C) <u>Community Service</u>. Defendant shall make an organizational community service payment in the amount of twenty-six thousand two hundred and fifty dollars ($26,250) pursuant to § 8B1.3 of the Federal Sentencing Guidelines and in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. § 3553(a). Accordingly, defendant shall make the payment to the Oregon Governor's Fund for the Environment, a sustained granting fund managed by the National Fish and Wildlife Foundation to benefit the coastal areas and rivers and streams passing through the District of Oregon by funding projects to (a) reduce pollution and otherwise cleanup Oregon rivers, streams, and coastal areas; (b) restore and preserve fish, wildlife, and plant resources critical to Oregon rivers, streams and coastal areas; (c) identify continuing sources of pollution of Oregon rivers, streams and coastal areas; (d) develop and implement strategies to eliminate and/or reduce pollution of Oregon rivers, streams and coastal areas; and (e) improve state and local criminal enforcement of environmental and wildlife protection laws intended to protect Oregon rivers, streams and coastal areas.

(D) <u>Payments</u>. Defendant further agrees that if the Court imposes sentence in accordance with the terms of this agreement, the monetary penalties, including the fines, community service, and special assessments, shall be paid as provided below in Paragraph 9 (E)(2).

(E) <u>Probation</u>. Further, the government and the defendant agree that the defendant will be placed on organizational probation for a period of three years pursuant to 18 U.S.C. § 3561(c)(1) and consistent with U.S.S.G. §§ 8D1.1 and 8D1.2. The terms of probation, including special conditions of probation, shall include:

>   (1) <u>No Further Violations</u>. Defendant agrees that it shall commit no further violations of federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities;
>
>   (2) <u>Payments</u>. Payment of the special assessment ($400) and community service ($26,250) shall be made by close of business on the day of sentencing. The United States and the defendant jointly recommend pursuant to 18 U.S.C. § 3572 (d)(1) that the Court order that the fine amount ($48,750) shall be made in three additional payments of $16,250, the first of which shall be due ninety (90) days following sentencing with the remaining payments due at ninety (90) day intervals

following payment of the first payment or upon such alternative dates as the Court may order. The United States and the defendant agree that no interest will accrue provided payments are made on the above-referenced schedule. Upon payment in full of all monetary amounts set forth herein, the defendant may move to be relieved of any requirement to provide regular financial reports to the Office of Probation. The United States agrees to take no position regarding any such motion.

(F) <u>Sentencing Schedule.</u> The defendant faces debarment for a Clean Water Act conviction. The United States and the defendant agree that sentencing should be set at least seventy-five (75) days following entry of plea in order for defendant to negotiate terms of debarment with EPA debarment counsel. The United States and the defendant further agree that if in good faith the defendant is not able to secure a debarment agreement within the seventy-five days (75) the defendant may request and the United States will not oppose an additional period of time, within the Court's discretion, in which to secure a debarment agreement.

10. <u>Application of the Agreement</u>. This Agreement shall bind defendant and its successors and assigns. Defendant, or its successors-in-interest, if applicable, shall provide to each undersigned prosecuting office and the United States Probation Office in the District of Oregon with immediate notice of any name change, corporate reorganization, or similar action affecting this Agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

11. <u>Court Not Bound By Agreement.</u> Defendant acknowledges that the Court and United States Probation Office are not bound by this agreement. The defendant further recognizes that if the Court should sentence defendant differently from the recommendations in this Agreement, the defendant shall not have the right to withdraw its guilty plea.

12. <u>Parties to the Agreement:</u> This plea agreement is between this United States Attorney's Office, The Department of Justice Environment and Natural Resources Division, Environmental Crimes Section and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

13. <u>Corporate Authorization</u>. Defendant agrees that it is authorized to enter into this Agreement. At the time of signing by defendant's representatives, defendant shall provide the government with a written statement in the form of a corporate resolution certifying that defendant is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that defendant's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. The defendant agrees that the plea of guilty will be entered by the defendant through Charles Tocolino and that he is a corporate officer authorized to enter a plea of guilty on the defendant's behalf. By entering this guilty plea, the defendant hereby waives all objections to the form of the charging documents, and admits that it is in fact guilty of the offense as set forth in the Information,

14. <u>Waiver of Appeal</u>. Defendant knowingly, intelligently, and voluntarily waives its right to appeal its conviction in this case. Defendant similarly knowingly, intelligently, and voluntarily waives its right to appeal the sentence imposed by the court, provided its sentence is no greater than the maximum estimated in paragraph 3. In addition, defendant knowingly, intelligently, and voluntarily waives its right to bring a collateral challenge pursuant to 28 U.S.C. § 2255, against either its conviction, or the sentence imposed in this case, except for a claim of ineffective assistance of counsel. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.

15. <u>Completeness of Agreement</u>. The government and defendant acknowledge that these terms constitute the entire Agreement between the parties. This Agreement is effective

upon signature by defendant and all of the attorneys for the government.

AGREED AND ACCEPTED

KARIN J. IMMERGUT
United States Attorney for the District of Oregon

_____          2-26-08
DWIGHT C. HOLTON                                          Date
Assistant United States Attorney

_____          3.3.08
J. RONALD SUTCLIFFE                                      Date
Trial Attorney
U.S. Dept. of Justice
Environment and Natural Resources Division
Environmental Crimes Section

      On behalf of the defendant, MODESTO TALLOW COMPANY, I have been authorized by a corporate resolution to sign this agreement and bind MODESTO TALLOW COMPANY. MODESTO TALLOW COMPANY has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. MODESTO TALLOW COMPANY voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to MODESTO TALLOW COMPANY other than those contained in this Agreement. No one has threatened or forced MODESTO TALLOW COMPANY in any way to enter into this Agreement. Finally, MODESTO TALLOW COMPANY is satisfied by the representation of its attorneys in this matter.

_____          2/19/08
Charles Tocolino                                              Date
MODESTO TALLOW COMPANY
Defendant

      I am MODESTO TALLOW COMPANY'S attorney. I have carefully discussed every part of this Agreement with authorized representatives of MODESTO TALLOW COMPANY. Further, I have fully advised the authorized representative of MODESTO TALLOW COMPANY's rights, of possible defenses, of the Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of MODESTO TALLOW COMPANY to enter into this Agreement is an informed and voluntary one.

_/s/ Stephen H. Goodman_　　　　　　　　　　2-22-08
Stephen H. Goodman　　　　　　　　　　　　Date
Attorney for Defendant
Modesto Tallow Company